UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


NORMAN SINCLAIR                          CIVIL ACTION


VERSUS                                   NO: 13-6179


PETCO ANIMAL SUPPLIES STORES,INC.        SECTION: R(2)



**ORDER AND REASONS**

Defendant, Petco Animal Supplies Stores, Inc. ("Petco"), moves to dismiss Norman Sinclair's complaint.[1] For the following reasons, the Court GRANTS Petco's motion.


**I.    Background**

Sinclair brought suit against Petco in Louisiana state court.[2] He alleges that, on May 3, 2013, he was a customer in Petco's store and that he "tripped over merchandise near the checkout counter," thereby suffering injuries.[3] He alleges that Petco's negligence in failing to maintain hazard-free premises was the cause of his injuries.[4]

---

[1] R. Doc. 8.

[2] R. Doc. 1-1 at 2.

[3] *Id.*

[4] *Id.*

Petco removed the suit to this Court on grounds of diversity jurisdiction.[5] It then filed a motion to dismiss for failure to state a claim.[6] *See* Fed. R. Civ. P. 12(b)(6). Petco argues that Sinclair has failed to allege the requisite elements of premises liability under Louisiana law. *See* La. R.S. 9:2800.6. After Petco moved to dismiss, Sinclair filed a motion for leave to file a supplemental and amending complaint, which the Court granted.[7]

Sinclair's supplemental and amending complaint incorporates the allegations in his state court petition and additionally alleges that Petco "knew or should have known of the hazardous condition of its aisles, passageways and checkout counter path" and that the merchandise on the floor "presented an unreasonable risk of harm to customers as it was located in the checkout counter path."[8] It further alleges, "in the alternative," that the doctrine of res ipsa loquitur applies and "negligence should be inferred."[9]

## II.  Legal Standard

---

[5] R. Doc. 1.

[6] R. Doc. 8.

[7] R. Docs. 9, 14.

[8] R. Doc. 15 at 1.

[9] *Id.*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks removed). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the

3

face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

## III. Discussion

A.   *Premises Liability*

Under Louisiana law, a merchant "owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). In a premises liability action against a merchant, the plaintiff has the burden of proving, in addition to all other elements of his cause of action, (1) that the condition causing the alleged injury "presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable," (2) that the defendant "either created or had actual or constructive knowledge of the condition which caused the damage, prior to the occurrence," and (3) that the defendant "failed to exercise reasonable care." La. R.S. 9:2800.6(B); *see White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997). "Constructive notice" means that the "condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. R.S. 9:2800.6(C)(1). Thus, in a constructive notice case, the plaintiff must establish that "the

condition existed for some time before the fall." *White*, 699 So. 2d at 1084.

Sinclair fails to state a premises liability claim that is plausible on its face. He alleges that the "sole and proximate cause" of his injuries was Petco's "negligent acts and/or omissions," including Petco's failure to maintain its premises in a safe condition and its failure properly to train its employees.[10] He further alleges that Petco "knew or should have known of the hazardous conditions of its aisles, passageways and checkout counter path" and that the merchandise on the floor "presented an unreasonable risk of harm to customers as it was located in the checkout counter path."[11] He does not, however, allege facts sufficient to support these claims. He does not, for example, allege what merchandise was on the floor or how it was arranged. Moreover, he does not allege how the merchandise came to be on the floor or how long it was on the floor before he tripped over it.

The Court concludes that Sinclair's allegations amount only to legal conclusions and formulaic recitations of the elements of a premises liability cause of action. He does not plausibly allege either that the merchandise presented an unreasonable risk of harm to Petco's customers or that Petco had either actual or

---

[10] R. Doc. 1-1 at 2.

[11] R. Doc. 15 at 1.

constructive knowledge of the alleged hazard before Sinclair
tripped over it. Because his factual allegations are insufficient
to raise his right to relief above the speculative level, his
complaint must be dismissed.

B.    *Res Ipsa Loquitur*

Sinclair alleges, in the alternative, that Petco's
negligence may be inferred under the doctrine of res ipsa
loquitur.[12] "Res ipsa is a rule of circumstantial evidence which
allows a court to infer negligence on the part of the defendant
if the facts indicate the defendant's negligence, more probably
than not, caused the injury." *Spott v. Otis Elevator Co.*, 601 So.
2d 1355, 1362 (La. 1992). "Generally, it obtains when three
requirements are met: 1) the circumstances surrounding the
accident are so unusual that, in the absence of other pertinent
evidence, there is an inference of negligence on the part of the
defendant; 2) the defendant had exclusive control over the thing
causing the injury; and 3) the circumstances are such that the
only reasonable and fair conclusion is that the accident was due
to a breach of duty on defendant's part." *Id.*

Sinclair alleges that he "tripped over merchandise near the
checkout counter"[13] and that the merchandise was located on the

_____

[12] *Id.*

[13] R. Doc. 1-1 at 2.

6

floor in the "checkout counter path."[14] He makes no other factual allegations regarding the circumstances of his fall. The Court finds no allegations to support an inference that Petco's negligence, more likely than not, caused Sinclair's injuries. There is no indication that the circumstances were especially unusual or were such that the only reasonable and fair conclusion is that the accident was due to a breach of duty on Petco's part. Accordingly, the Court finds that Sinclair has failed to state a claim to relief under the doctrine of res ipsa loquitur.

C.   *Leave to Amend*

Petco asks the Court to dismiss Sinclair's complaint with prejudice and to deny him leave to amend his complaint a second time.[15] Sinclair amended his complaint once already in an effort to allege facts sufficient to support his claims.[16] As discussed *supra*, the allegations in his amended complaint are insufficient to survive Petco's motion to dismiss. Given Sinclair's failure to cure the defects in his complaint by prior amendment, the Court finds that further amendment is not warranted. Accordingly, the Court dismisses Sinclair's complaint with prejudice and without leave to amend. *See Jamieson By and Through Jamieson v. Shaw*, 772

---

[14] R. Doc. 15 at 1.

[15] R. Doc. 16-2 at 6.

[16] *See* R. Doc. 10 at 2-3; R. Doc. 15.

7

F.2d 1205, 1208 (5th Cir. 1985) ("Among the acceptable justifications for denying leave to amend are . . . repeated failure to cure deficiencies by prior amendment . . . and the futility of amendment.").


**IV. Conclusion**

For the foregoing reasons, Petco's motion to dismiss is GRANTED. Sinclair's complaint is DISMISSED with prejudice.


New Orleans, Louisiana, this ___30th___ day of December, 2013.


_____

**SARAH S. VANCE**

**UNITED STATES DISTRICT JUDGE**

8